UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TERRENCE THOMAS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 21-10398-ADB |
| | * | |
| BARNSTABLE COUNTY CORRECTIONAL | * | |
| FACILITY, | * | |
| | * | |
| Defendant. | * | |

ORDER

BURROUGHS, D.J.

Terrence Thomas, a pretrial detainee confined at the Barnstable County Correctional

Facility ("BCCF"), has filed a civil complaint in which he claims that certain conditions of

confinement at BCCF have violated his federal rights.  [ECF No. 1].  Thomas names BCCF as

the sole defendant. Thomas also filed motions for appointment of counsel, for leave to proceed *in*

*forma pauperis* (with the appropriate institutional account statement), and to amend his

complaint.  [ECF Nos. 6, 7, 12].  For the reasons set forth below, the Court will grant his motion

for leave to proceed *in forma pauperis*, direct him to file an amended complaint, and deny

without prejudice his motion for appointment of counsel.

I.      **Motions for Leave to Proceed *in Forma Pauperis***

Upon review of Thomas's motion for leave to proceed *in forma pauperis*, the Court finds

that Thomas has shown that he is unable to pay the filing fee.  Accordingly, the Court GRANTS

the motions.  The $52 administrative fee for commencing a civil action is waived.

Thomas may pursue this action without prepayment of the $350 filing fee, but he is still

required to make incremental payments towards that fee until it is paid in full, regardless of the

outcome of this action.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial

filing fee of $15.00.  The remainder of the $350 filing fee, $335.00, shall be collected in

accordance with 28 U.S.C. § 1915(b)(2).

## II.     Review of the Complaint

### A.     Court's Authority to Conduct a Preliminary Review of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee,

summonses do not issue until the Court reviews the complaint pursuant to 28 U.S.C.

§ 1915(e)(2).  Similarly, under 28 U.S.C. § 1915A, a prisoner complaint seeking redress from a

governmental entity or its officers or employees is subject to a preliminary screening.  Both of

these statutes authorize federal courts to dismiss a complaint *sua sponte* if the claims therein are

frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief

against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C.

§ 1915A(b).  In conducting this review, the Court liberally construes the complaint because

Thomas is proceeding pro se.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B.     Allegations in the Complaint

#### 1.     Interference with Thomas's Mail

In his complaint, Thomas alleges that, on July 29, 2020, the mail room officer at BCCF

unlawfully interfered with mail sent to Thomas from his attorney.  Thomas claims that the mail

officer held the mail for a week, opened it, removed documents, and replaced them with "false

documents."  Compl. at 6, ¶ 1.  Thomas further alleges that, on October 14, 2020, BCCF

employees wrongfully removed and replaced documents from mail that he had attempted to send

concerning law enforcement misconduct.  Thomas also represents that BCCF employees have

thrown away mail addressed to Thomas from his family.

2

### 2.     Discriminatory Harassment

According to Thomas, on November 12, 2020, BCCF Officer Comelt[1] "came to work with M.A.G.A. gear on."  Compl. at 7-8, ¶ 4.  Officer Comelt allegedly started "verbally attacking" and "harassing" Thomas, who was "the only minority in the pod."  Compl. at 8, ¶ 4.  Thomas claims that, "[a]t the same time white inmates were breaking the rules he said nothing to them just continued to singe [Thomas] out."  *Id.*  This occurred "after the election."  *Id.*  Thomas claims that Officer Comelt "was racially discriminating against [him]."  *Id.*

### 3.     Unlawful Recording of Thomas's Meeting with Counsel

Thomas alleges that, on October 21, 2020, he and his attorney were "placed . . . inside of a room with a live camera, and a live microphone to record [their] meeting and send it to the District Attorney Office."  Compl. at 9, ¶ 5.  Thomas further claims that "[t]his jail [BCCF] has been violating [his] rights and sabotaging [his] case on behalf of the D/A office, and officers who have connections to the Falmouth Police Dept. to cover up their crimes for them.  *Id.* (punctuation standardized).  Thomas represents that he has "been in fear of [his] safety and the safety of [his] case."  *Id.*

### 4.     Lack of Adequate Mental Health Care

Thomas claims that, on December 17, 2020, January 15, 2021, and January 21, 2021,[2] "Barnstable County Corrections refuse[d] to give him help for [his] mental health."  Compl. at 10, ¶ 6 (punctuation standardized).  According to Thomas, even though he informed BCCF staff of his "mental health issues," they refused to provide him appropriate treatment for 21months."

---

[1] The Court cannot discern whether Thomas has written "Officer Comelt," "Officer Comely," or another name.

[2] These dates in the complaint are written as "12-17-201," "1-15-2020," and 1-21-2021."  Compl. at 10, ¶ 6.  The Court assumes that Thomas is referring to dates in December 2020 and January 2021.

*Id.* (punctuation standardized).  Thomas represents that BCCF continued to withhold treatment even after Prisoner Legal Services wrote three letters to BCCF concerning Thomas's request for mental health care.  Thomas claims that, because BCCF employees refused to provide him mental health treatment, his mental state deteriorated.  Thomas believes that the refusal of mental health treatment "was based on racial discrimination towards [him] from Barnstable County Jail and the mental health staff."  *Id.* (punctuation standardized).

### C.     Motion to Amend

On May 10, 2021, Thomas filed a motion to amend his complaint.  [ECF No. 12].  He asks that three correction officers (Captain Fernandes, Major Monteiro, and Lieutenant Glenn Comoletti) be added as defendants.  Thomas does not allege any specific misconduct by these three persons.  Rather, Thomas refers to ten pages of documents he submitted with the motion which appear to be copies of grievances Thomas made to BCCF about alleged interference with his mail and the response thereto by BCCF officers.  [ECF No. 12-1].

### D.     Discussion

Here, Thomas has failed to state a claim upon which relief may be granted for the simple reason that BCCF is not a proper defendant.  Jails, prisons, and other correctional facilities are only buildings; they are not suable entities.  *See, e.g.*, *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam); *Mardsen v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994).  Further, Thomas did not identify any other defendant in his original complaint.

The Court will allow Thomas to file an amended complaint so that he can name real persons or entities as defendants.  Because Thomas claims that his federal rights were violated, the Court assumes that he is bringing this action under 42 U.S.C. § 1983 ("§ 1983").  *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("[A] litigant

4

complaining of a violation of a constitutional right does not have a direct cause of action under

the United States Constitution but [rather] must utilize 42 U.S.C. § 1983.").  This statute

provides that any "person," acting under the color of state law, who "subjects, or causes to be

subjected, any citizen of the United States or other person within the jurisdiction thereof to the

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

liable to the party injured."  42 U.S.C. § 1983.

Only "those individuals who participated in the conduct that deprived the plaintiff of his

rights can be held liable [in a § 1983 action]."  *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129

(1st Cir. 2005).  In other words, a Barnstable County official cannot be held liable under § 1983

based solely on the misconduct of a subordinate; the official must have had some form of direct

involvement in the alleged misconduct.  *See id.*; *see also Feliciano-Hernandez v. Pereira-

Castillo*, 663 F.3d 527, 536 (1st Cir. 2011) ("[N]ot every official who is aware of a problem

exhibits deliberate indifference by failing to resolve it." (internal quotation marks omitted)).

Thus, for each person that Thomas names as a defendant, he must set forth specific

factual allegations from which the Court may reasonably infer that said defendant was directly

involved in the violations of his federal rights.

### E.     Filing of an Amended Complaint

It Thomas wishes to prosecute this action, he must file an amended complaint in which he

names as defendants the person or persons who were directly involved in the alleged

misconduct.[3]  Thomas must also set forth the alleged actions of each defendant in the body of the

amended complaint.  The amended complaint will completely replace the earlier-filed complaint

and any material included in the motion to amend, and the Court will review its sufficiency

---

[3] The Court's directive that Thomas file an amended complaint moots his motion to amend the
complaint.

without reference to the original complaint or the motion to amend.[4]  Although Thomas may attach exhibits to the amended complaint, the body of the amended complaint must nonetheless include the specific factual allegations which show the relevance of any exhibits.

Thomas is not required to use a form complaint.  Allegations in the amended complaint must be "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and the claims should be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).  The amended complaint must also comply with limitations on the joinder of defendants.   Under Rule 20(a) of the Federal Rules of Civil Procedure, persons may be joined as defendants in a single action if "there is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  "Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## III.    Motion for Appointment of Counsel

Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, *see DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).  The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it can be very difficult for the Court to find

---

[4] "An amended complaint, once filed, normally supersedes the antecedent complaint." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008).  "Thereafter, the earlier complaint is a dead letter and 'no longer performs any function in the case.'" *Id.* (quoting *Kolling v. Amer. Power Conversion Corp.*, 347 F.3d 11, 16 (1st Cir. 2003)).

attorneys who will accept appointment as *pro bono* counsel.  The appointment of counsel in a non-habeas civil action is only required where a party is indigent and exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  *See DesRosiers*, 949 F.2d at 23.  To determine whether appointment of counsel is required, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  *See id.* at 24.

At this stage of the litigation, exceptional circumstances requiring the appointment of counsel do not exist.  As set forth above, Thomas has failed to state a claim upon which relief may be granted.  The Court will therefore deny without prejudice the motion for appointment of counsel.  Thomas may renew the request once he has filed an amended complaint, the Court has ordered that summonses issue, and the defendants have been served with and responded to the amended complaint.

**IV.    Conclusion**

In accordance with the foregoing, the Court hereby orders:

1.    The motion for leave to proceed *in forma pauperis* [ECF No. 7] is GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $15.00.  The remainder of the $350 filing fee, $335.00, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The Court shall provide a copy of this order to the treasurer of the institution having custody of Thomas.

2.    If Thomas wishes to proceed with this action, he must, within forty-two (42) days, file an amended complaint.  The amended complaint must comply with the above-discussed pleading requirements.  Failure to comply with this order may result in dismissal of the action.

3.      The motion to amend the complaint [ECF No. 12] shall be terminated as moot.

4.      The motion for appointment of counsel [ECF No. 6] is DENIED without

prejudice.

IT IS SO ORDERED.


  6/2/2021                                    /s/ Allison D. Burroughs
DATE                                          UNITED STATES DISTRICT JUDGE